### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 22-CV-2962** |
| | : | |
| **HON. JUDGE SILOW,** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                               AUGUST 4, 2022

### M E M O R A N D U M

Currently before the Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a self-represented litigant, in which he raises claims against the Honorable Silow, Judge of the Montgomery County Court of Common Pleas, based on court proceedings conducted by Judge Silow concerning Perry's son. Perry seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Perry leave to proceed *in forma pauperis* and dismiss the Complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

## I.      FACTUAL ALLEGATIONS[1]

This is one of numerous complaints that Perry has filed based on the termination of his parental rights and related loss of custody of his minor son. *See Perry v. 38th Judicial Dist.*, No. 22-CV-2704, 2022 WL 2805332, at **1-2 & n.6 (E.D. Pa. July 18, 2022). The gist of Perry's new Complaint is that Judge Silow violated his constitutional rights by preventing him from presenting evidence or arguments during a hearing on August 22, 2019, in the domestic relations proceeding

---

[1]      The following allegations are taken from the Complaint and public records of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

concerning Perry's son.[2]  (Compl. at 2.)  Perry claims that these events caused trauma to him and his child,[3] caused him to lose his parental rights, and caused other harm.  (*Id.* at 4.)  Among his complaints, Perry seeks reinstatement of his parental rights, custody of his son, and damages.  (*Id.*)

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a)(1), Perry is granted leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. However, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim upon which relief can be granted.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Additionally, a court may dismiss a complaint based on an

---

[2]    Perry's previous filings confirm that Judge Silow presided over the domestic relations proceedings involving his son.  *See Perry v. 38 Judicial Dist.*, Civ. A. No. 22-2704 (ECF No. 2 at 21); *Perry v. McIntosh*, Civ. A. No. 22-2206 (ECF No. 2-1 at 1.)

[3]    The Court does not understand Perry to be pursuing claims on behalf of his son.  Indeed, he would lack standing to bring any such claims.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc*., 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  (quotations omitted)); *Osei-Afriyie v. Med. Coll. of Pa*., 937 F.2d 876, 882-83 (3d Cir. 1991) (father could not pursue claims on behalf of minor children).

affirmative defense, such as the statute of limitations "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity extends to § 1983 claims for injunctive relief, since "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*per curiam*) (quoting 42 U.S.C. § 1983). As Perry's § 1983 claims against Judge Silow are based on acts the Judge took in his judicial capacity while presiding over a case in which Perry was a litigant, Judge Silow is entitled to absolute judicial immunity from these claims.[4]

---

[4]      The Complaint also refers to the Americans with Disabilities Act ("ADA"), but does not state an ADA claim. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004). To state a claim under Title II of the ADA, Perry must allege that: "'(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation

IV.    **CONCLUSION**

For the foregoing reasons, the Court grants Perry leave to proceed *in forma pauperis*, and will dismiss his Complaint for failure to state a claim upon which relief can be granted.  Perry will not be given leave to file an amended complaint because he cannot cure the defects in his claims.

Additionally, Perry is placed on notice that if he continues to file meritless lawsuits in this Court based on the same subject matter, he may be subjected to an injunction that limits his ability to file cases in the future.  *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").  An Order follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (quoting *Haberle v. Troxell*, 885 F.3d 170, 178-79 (3d Cir. 2018)).  Perry has failed to allege any facts reflecting that he suffers from a disability or that he was excluded from or discriminated against in court proceedings because of that disability.  In any event, Perry's claims, which are based on events that took place during an August 2019 hearing, are barred by the ADA's two-year statute of limitations.  *See Disabled in Action of Pa. v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008).